

FILED

JUN 29 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Ale Amazon, Pro Se
General Delivery
Folsom, CA 95630
alexfolsomer@gmail.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

ALE AMAZON,

Plaintiff,

v.

AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC,

Defendants.

Case No.: 2:26- CV-2288 DAD CSK PS

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ELECTRONICALLY; DECLARATION OF PLAINTIFF (FILED UNDER SEAL)**

**TO THE HONORABLE COURT AND ALL PARTIES:**

PLEASE TAKE NOTICE that Plaintiff ALE AMAZON, proceeding pro se, hereby moves this Court for an order granting leave to utilize the Court's Case Management/Electronic Case Files (CM/ECF) system. Plaintiff has not been able to obtain a stipulation from Defendant because this case has not yet been filed and Defendant has not appeared. Plaintiff therefore proceeds by written motion pursuant to Eastern District of California Local Rule 133(b)(3).

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Plaintiff filed concurrently herewith, the Court's inherent authority to manage its docket and control its proceedings, the Judicial Conference's policies for providing accommodations to persons with disabilities (Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255), and E.D. Cal. Local Rule 133(b)(2) and (b)(3).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff ALE AMAZON respectfully submits this Memorandum in support of the Motion for Leave to File Electronically.

**I. INTRODUCTION**

Plaintiff is a disabled individual with documented cognitive and physical disabilities, including dyslexia, cognitive processing disorders, PTSD, severe anxiety, fibromyalgia, chronic pain, memory impairment, depression, and gender dysphoria. Amazon Compl. ¶ 7; Motion to Proceed Under Pseudonym, Declaration ¶ 1.

Plaintiff has dyslexia, which makes it extremely difficult to read, process, and respond to paper documents. Plaintiff has substantial difficulty reading standard court documents because of dyslexia. Searchable electronic documents that can be used with text-to-speech software significantly improve Plaintiff's ability to read and understand court filings. The Social Security Administration, in a Fully Favorable Decision issued on October 30, 2020, found that Plaintiff has severe impairments and a marked limitation in concentrating, persisting, or maintaining pace. *Id.* ¶ 1.

**Plaintiff's Dyslexia Makes Paper Filing Significantly More Difficult**

Plaintiff's dyslexia substantially impairs Plaintiff's ability to read, process, and retain information from paper documents. Paper filings that are not searchable or accessible make it nearly impossible for Plaintiff to:

- Read and understand court orders and filings.

- Track filing deadlines without electronic reminders.

- Organize and maintain physical copies of court documents.

- Search for specific information in lengthy documents.

- Respond promptly to court orders and deadlines.

Electronic filing and electronic notification would provide Plaintiff with:

- Readable, searchable text that Plaintiff can process using text-to-speech technology.

- Immediate electronic notice of docket activity.

- The ability to organize and track filings without relying on memory or paper.

-2-
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ELECTRONICALLY

- Access to documents that Plaintiff can actually read.

**This Court Previously Granted Plaintiff E-Filing Access**

This Court previously granted Plaintiff's request for electronic filing privileges in a separate action pending before this Court. In Case No. 2:25-cv-03110-DJC-CSK, Magistrate Judge Chi Soo Kim granted Plaintiff's motion for reasonable accommodation and authorized Plaintiff to e-file. ECF No. 7 (Dec. 2, 2025). Plaintiff has successfully complied with all CM/ECF requirements in that case.

The same accommodation is necessary in this new action for the same reasons.

## II. PLAINTIFF'S DISABILITIES AND NEED FOR ACCOMMODATIONS

Plaintiff is a disabled individual with documented cognitive and physical disabilities. Motion to Proceed Under Pseudonym, Declaration ¶ 1. The Social Security Administration found that Plaintiff has severe impairments including schizoaffective disorder, psychotic disorder, bipolar disorder, anxiety disorder, cervical and lumbar degenerative disc disease, right knee chondromalacia, dyslexia, and memory impairments. *Id.* The ALJ found that Plaintiff has a marked limitation in concentrating, persisting, or maintaining pace. *Id.*

**Plaintiff's Dyslexia and Memory Impairments Create Barriers to Paper Filing**

Plaintiff's dyslexia and memory impairments make it difficult to:

- Read, process, and retain legal documents without accommodations.
- Respond to court deadlines without electronic reminders.
- Recall past legal proceedings and filings.
- Organize and maintain physical copies of court documents.

Plaintiff has limited memory of events prior to 2016. Due to severe trauma from two decades of forced deportation, statelessness, and being forced to work for food and shelter without employment authorization, Plaintiff's mind blocks old memories as a protective mechanism. Motion to Proceed Under Pseudonym, Declaration ¶ 2.

## III. LEGAL STANDARD

### A. Federal Courts Have Inherent Authority to Manage Their Dockets

The Supreme Court has long recognized that federal courts possess inherent powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812). These inherent powers include the authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

In *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), the Supreme Court affirmed that federal courts have inherent power to sanction bad-faith conduct and manage their proceedings. The Court recognized that inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." *Id.* at 43 (quoting *Link*, 370 U.S. at 630-31). The Court further noted that these inherent powers extend to "a full range of litigation abuses" and may be exercised where "neither the statute nor the Rules are up to the task." *Id.* at 50.

### B. Judicial Conference Policy Directs Courts to Provide Accommodations

The Judicial Conference of the United States has adopted policies requiring federal courts to provide reasonable accommodations to persons with disabilities. Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255. This policy states that federal courts "must provide sign language interpreters or other auxiliary aids and services to participants in federal judicial proceedings who are deaf, hearing impaired, or have communication disabilities." *Id.* § 255(a).

Courts in this district recognize that providing electronic filing access to pro se litigants with disabilities serves the interest of justice and satisfies statutory accessibility mandates where the litigant demonstrates technical competence and familiarity with the court's procedural rules. See Eastern District of California Local Rule 133(b)(2) (authorizing the court to grant pro se litigants electronic filing privileges upon a showing of good cause). By contrast, where a pro se litigant fails to

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ELECTRONICALLY

demonstrate good cause or specific statutory grounds, courts in this district deny requests to bypass standard procedural formats. See *Strojnik v. Capitol Regency, LLC,* No. 2:19-cv-01587-MCE-KJN, 2021 WL 1214532, at 2 *(E.D. Cal. Mar. 31, 2021)* (denying pro se litigant's procedural motions for failure to meet standard district requirements and rules of court).

### C. The ADA and Rehabilitation Act Do Not Apply to the Federal Judiciary

The Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act do not apply to the federal judiciary. Title II of the ADA applies only to public entities, defined as any State or local government. 42 U.S.C. § 12131(1). Section 504 of the Rehabilitation Act applies only to programs receiving federal financial assistance or conducted by an Executive agency. 29 U.S.C. § 794. The federal judiciary is a separate constitutional branch, not an Executive agency, and does not receive federal financial assistance. *In re Chapman*, 777 F. Supp. 2d 196, 197 (D. Me. 2011). However, as set forth above, accommodations are provided through the Court's inherent authority and Judicial Conference policy.

### D. E.D. Cal. Local Rules Authorize Pro Se E-Filing with Court Permission

Under the Eastern District of California's Local Rules, "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3).

Courts in this district regularly deny e-filing requests that lack a sufficient explanation of reasons or good cause. See *AuguStar Life Assurance Corp. v. Terrana*, No. 2:24-cv-02096, ECF No. 32 (E.D. Cal. Nov. 19, 2024) (denying motion because it did not include "an explanation of reasons as required by Local Rule 133(b)(3)"); *Clark v. Allison,* No. 2:22-cv-00190-KJM-JDP, ECF No. 20 (E.D. Cal. Nov. 5, 2024) (denying motion because it did not demonstrate good cause to depart from

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ELECTRONICALLY

the normal filing procedure); *Strojnik v. Capitol Regency, LLC*, No. 2:19-cv-01587-MCE-KJN, 2021 WL 1214532, at 2 (E.D. Cal. Mar. 31, 2021) (denying a pro se litigant's procedural motion because the filing failed to demonstrate good cause or a specific statutory basis to depart from the Court's standard electronic and formatting requirements).

### E. This Court Previously Granted Plaintiff E-Filing Access

This Court previously granted Plaintiff's request for electronic filing privileges in Case No. 2:25-cv-03110-DJC-CSK. Magistrate Judge Chi Soo Kim granted Plaintiff's motion for reasonable accommodation and authorized Plaintiff to e-file. ECF No. 7 (Dec. 2, 2025). Plaintiff has successfully complied with all CM/ECF requirements in that case without incident.

### IV. PLAINTIFF'S REQUESTED ACCOMMODATIONS

Plaintiff respectfully requests the following accommodations:

### A. Permission to File Electronically

Plaintiff requests permission to file documents electronically through the Court's CM/ECF system in this case only. This accommodation is necessary because Plaintiff's dyslexia makes it extremely difficult to read and process paper documents.

### B. Electronic Service and Notifications

Plaintiff requests that the Court direct the Clerk to:

1.      Send all notices of electronic filing ("NEFs") to Plaintiff's email address at alexfolsomer@gmail.com.

2.      Provide Plaintiff with electronic copies of all court orders and filings.

Once Plaintiff is granted e-filing privileges, Plaintiff will be able to receive electronic service via NEFs. Service on Defendant will follow the Federal Rules of Civil Procedure and Local Rules. Plaintiff does not seek to alter service requirements for Defendant. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), Plaintiff's registration as a CM/ECF user will constitute written consent to

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ELECTRONICALLY

electronic service via the Notice of Electronic Filing (NEF) system.

**C. Implementation**

Plaintiff requests that Plaintiff be permitted to register for CM/ECF access upon the Court's approval. Plaintiff understands that electronic filing privileges carry responsibilities. Plaintiff has complied with all e-filing requirements in 2:25-cv-03110-DJC-CSK since December 2, 2025, without incident. Plaintiff commits to complying with all CM/ECF rules and procedures in this action. Plaintiff understands that registration requires completion of the Court's CM/ECF registration process and will comply with all requirements.

**V. NO PREJUDICE TO DEFENDANT**

Granting Plaintiff's requested accommodations will not prejudice Defendant. Plaintiff is not seeking an advantage over Defendant. Plaintiff seeks only to participate in this litigation on an equal footing with represented parties. Electronic filing is routine in federal court. Defendant's counsel is already required to file electronically.

Defendant's counsel has the ability to file electronically, so this equalizes the playing field. Plaintiff does not seek an advantage — only equal access.

**VI. CONCLUSION**

Plaintiff is a disabled individual with documented dyslexia and other cognitive disabilities that substantially impair Plaintiff's ability to read, process, and retain information from paper documents. The physical restrictions of conventional paper filing create immediate, insurmountable barriers for an individual navigating severe dyslexia.

This Court previously granted Plaintiff the same e-filing accommodation in 2:25-cv-03110-DJC-CSK, ECF No. 7 (Dec. 2, 2025), and Plaintiff has complied without incident. The same accommodation is appropriate here for the same reasons.

Plaintiff's request for electronic filing and electronic notification is a reasonable

-7-

accommodation that would provide Plaintiff equal access to the Court's services, programs, and activities. Without electronic filing, Plaintiff's disabilities substantially impair Plaintiff's ability to participate meaningfully in this litigation.

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1.      Grant Plaintiff permission to file documents electronically through the Court's CM/ECF system in this case;

2.      Direct the Clerk to send all notices of electronic filing to Plaintiff's email address at alexfolsomer@gmail.com;

3.      Provide Plaintiff with electronic copies of all court orders and filings;

4.      Permit electronic service from Defendant's counsel through the CM/ECF system; and

5.      Grant such other relief as the Court deems just and proper.

Dated: June 28, 2026

Respectfully submitted,

/s/ Ale Amazon
ALE AMAZON
Plaintiff, Pro Se

**DECLARATION OF PLAINTIFF (FILED UNDER SEAL)**

I, ALE AMAZON, declare as follows:

1.      I am the Plaintiff in this action. I am proceeding pro se. I am a disabled individual with documented cognitive and physical disabilities.

2.      The Social Security Administration, in a Fully Favorable Decision issued on October 30, 2020, found that I have severe impairments including schizoaffective disorder, psychotic disorder, bipolar disorder, anxiety disorder, cervical and lumbar degenerative disc disease, right knee chondromalacia, dyslexia, and memory impairments. The ALJ found that I have a marked limitation in concentrating, persisting, or maintaining pace.

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ELECTRONICALLY

3. I have dyslexia. I have substantial difficulty reading standard court documents because of dyslexia. Searchable electronic documents that can be used with text-to-speech software significantly improve my ability to read and understand court filings. Paper filings that are not searchable or accessible make it nearly impossible for me to read, process, and retain information from court filings.

4. My dyslexia substantially impairs my ability to read, process, and retain legal documents, to respond to court deadlines, and to recall past legal proceedings without accommodations.

5. My memory impairments make it difficult for me to track filing deadlines and maintain organized records of court filings.

6. I have limited memory of events prior to 2016 due to severe trauma from two decades of forced deportation and statelessness. This memory impairment makes it particularly difficult for me to recall past filings and court orders without electronic records.

7. Electronic filing and electronic notification would provide me with:

- Readable, searchable text that I can process using text-to-speech technology.

- Immediate confirmation of filings.

- Searchable access to all documents in the case.

- The ability to organize and track filings without relying on memory or paper.

8. This Court previously granted my request for electronic filing privileges in Case No. 2:25-cv-03110-DJC-CSK, ECF No. 7 (Dec. 2, 2025). Since that grant, I have complied with all e-filing requirements without incident.

9. I request permission to file documents electronically through the Court's CM/ECF system in this case only.

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ELECTRONICALLY

10.     I request that the Clerk send all notices of electronic filing to my email address at alexfolsomer@gmail.com.

11.     I understand that I must comply with all Court rules and procedures regarding electronic filing, and that my permission to file electronically may be revoked if I abuse this privilege.

12.     I understand that my registration as a CM/ECF user will constitute written consent to electronic service via the Notice of Electronic Filing (NEF) system, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

13.     I have access to email via public or borrowed devices sufficient to receive electronic notices and to file documents electronically, and I understand my obligation to monitor the docket and maintain a current email address.

14.     I understand that registration requires completion of the Court's CM/ECF registration process and will comply with all requirements.

15.     I seek only to have equal access to the Court's services, programs, and activities. I do not seek any advantage over Defendant or any other party.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 28, 2026, at Folsom, California.

/s/ Ale Amazon
ALE AMAZON
Plaintiff, Pro Se

-10-
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ELECTRONICALLY