

FILED

JUN 29 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Ale Amazon, Pro Se
General Delivery
Folsom, CA 95630
alexfolsomer@gmail.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

ALE AMAZON,

Plaintiff,

v.

AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC,

Defendants.

Case No.: 2:26-CV-2288 DAD C$K PS

**NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM; DECLARATION OF PLAINTIFF (FILED UNDER SEAL)**

**TO THE HONORABLE COURT AND ALL PARTIES:**

PLEASE TAKE NOTICE that Plaintiff, proceeding pro se, hereby moves this Court for an order permitting Plaintiff to proceed under the pseudonym "ALE AMAZON" in this action. This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Plaintiff filed concurrently herewith under seal, and the Court's inherent authority to protect vulnerable litigants from harassment and retaliation.

This motion is made pursuant to the Court's inherent authority to manage its docket, E.D. Cal. Local Rules 140 and 141, and the Ninth Circuit's five-factor balancing test established in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

**NOTICE OF FILING UNDER SEAL**

Plaintiff respectfully requests that the Declaration of Plaintiff, which contains Plaintiff's true legal name and address, be filed under seal pending the Court's ruling on this motion. The Motion, Memorandum, and Proposed Order are filed publicly under the pseudonym "ALE AMAZON" and do not contain Plaintiff's identifying information. This request is made pursuant to E.D. Cal. Local Rule 141.

-1-

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff ALE AMAZON respectfully submits this Memorandum in support of the Motion to Proceed Under Pseudonym.

**I. INTRODUCTION**

Plaintiff is a disabled, non-binary individual with documented cognitive and physical disabilities. Amazon Compl. ¶ 7. The Social Security Administration, in a Fully Favorable Decision issued on October 30, 2020, found that Plaintiff has severe impairments including schizoaffective disorder, psychotic disorder, bipolar disorder, anxiety disorder, cervical and lumbar degenerative disc disease, right knee chondromalacia, dyslexia, and memory impairments. The ALJ found that Plaintiff has a marked limitation in concentrating, persisting, or maintaining pace. These disabilities substantially impair Plaintiff's ability to carry out normal activities and to protect Plaintiff's own rights.

Plaintiff has been subjected to constant abuse, harassment, and targeting because of their disability, non-binary status, and vulnerability. Amazon Compl. ¶¶ 89-91, 157-161. Plaintiff has been victimized by a coordinated scheme of fraud, identity theft, financial abuse, threats, harassment, and attempted battery by multiple individuals. AMAZON itself has engaged in a sustained campaign of retaliation and harassment against Plaintiff. Amazon Compl. ¶¶ 55-103.

Plaintiff seeks to proceed publicly under the pseudonym "ALE AMAZON" to protect against further abuse, harassment, retaliation, and potential physical harm. Amazon Compl. ¶¶ 104-108. Plaintiff's true legal name and address are provided in the sealed Declaration filed concurrently herewith. Disclosure of Plaintiff's identity would expose Plaintiff to severe emotional distress, exacerbate documented PTSD, anxiety, and depression, and subject Plaintiff to further harassment and potential physical harm from individuals who have already threatened Plaintiff's life.

**Plaintiff's Identity Is Already Public in Another Federal Case**

Plaintiff is the plaintiff in a separate federal action pending before this Court under Plaintiff's legal name. In that case, Plaintiff's legal name appears on the public docket. Plaintiff does not seek to seal that case, which involves government defendants and necessarily proceeds under Plaintiff's legal name. Plaintiff seeks only to prevent AMAZON — a private corporation with a demonstrated pattern of weaponizing Plaintiff's identity — from using the public docket of this consumer dispute to further harass and intimidate Plaintiff.

## II. PLAINTIFF'S VULNERABILITY AND DOCUMENTED DISABILITIES

Plaintiff is exceptionally vulnerable. Plaintiff is a disabled individual with documented cognitive and physical disabilities. Amazon Compl. ¶ 7. The Social Security Administration found that Plaintiff has severe impairments including schizoaffective disorder, psychotic disorder, bipolar disorder, anxiety disorder, cervical and lumbar degenerative disc disease, right knee chondromalacia, dyslexia, and memory impairments. The ALJ found that Plaintiff has a marked limitation in concentrating, persisting, or maintaining pace. The ALJ specifically found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms are "reasonably consistent with the medical evidence." The ALJ noted that Plaintiff has suffered from suicidal ideation and has been hospitalized for that reason.

The SSA evaluated specific conditions at the time of the 2020 decision. Plaintiff's full range of documented disabilities, including those that developed or worsened subsequently, is described in the Complaint at paragraph 7, and includes PTSD, severe anxiety, fibromyalgia, chronic pain, memory impairment, depression, and gender dysphoria.

Plaintiff has limited of memory of events prior to 2016. Due to severe trauma from two decades of forced deportation, statelessness, and being forced to work for food and shelter without employment authorization, Plaintiff's mind blocks old memories as a protective mechanism.

Plaintiff is non-binary and has been repeatedly misgendered by AMAZON representatives

-3-

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM

despite explicitly communicating their preferred pronouns ("they/them/theirs"). Amazon Compl. ¶¶ 89-91. Plaintiff has documented anxiety disorder resulting from two decades of fear of deportation. Amazon Compl. ¶¶ 17-18.

Plaintiff's disabilities make Plaintiff particularly vulnerable to exploitation, fraud, and abuse. Plaintiff requires In-Home Supportive Services and Medi-Cal non-emergency medical transportation to maintain health and safety. Any mistreatment because of Plaintiff's identity causes severe stress, injuries, and hospitalizations. Amazon Compl. ¶¶ 104-108.

### III. PATTERN OF HARASSMENT AND ABUSE

Plaintiff has been subjected to a coordinated pattern of harassment, abuse, and threats. IHSS providers engaged in a continuing course of harassment, including threats, intimidation, yelling, name-calling, and stalking. They called Plaintiff anti-Semitic slurs, denied the Holocaust, and shouted that Plaintiff should be "gassed in the chamber" and "burned in hell." One IHSS provider attempted to commit battery against Plaintiff — Plaintiff was forced to run away to avoid being struck. As a result, Plaintiff became terrified to leave the apartment during daylight hours. On a night in August 2023, while checking the mail in darkness, Plaintiff fell and struck their head, causing a head injury requiring medical attention. This head injury has caused permanent damage requiring ongoing medical treatment.

Another IHSS provider explicitly threatened to murder Plaintiff, stating: "I will kill you if you don't drop this." This threat was unequivocal, unconditional, immediate, and specific. It caused Plaintiff reasonable, sustained fear for Plaintiff's life and safety. This same provider called Plaintiff a "Jewish parasite," proposed a sham marriage for immigration fraud, and drove recklessly while transporting Plaintiff. This provider stole Plaintiff's IHSS login credentials and submitted false IHSS timesheets, stealing significant public IHSS funds. This provider also stole controlled substances from Plaintiff's backpack during a medical appointment, causing Plaintiff's discharge from a pain

-4-

management clinic.

The IHSS Public Authority refused to investigate any of Plaintiff's complaints despite mandatory duties under state law. The details of this harassment, abuse, and the IHSS Authority's refusal to investigate are set forth in the sealed Declaration.

## IV. AMAZON'S PATTERN OF RETALIATION AND HARASSMENT

AMAZON has engaged in a sustained campaign of harassment, retaliation, and intimidation against Plaintiff:

### A. Account Lockout and Erasure of Order History

AMAZON locked Plaintiff's accounts for approximately two years — from 2023 until September 2024 for one account and January 2026 for the other account. During this period, Plaintiff could not access order history, view orders, generate return labels, or initiate returns. AMAZON continued to process and fulfill unauthorized orders while Plaintiff remained locked out. When AMAZON finally restored access, portions of Plaintiff's order history had been erased. Amazon Compl. ¶¶ 55-58.

### B. Retaliatory Conduct

On November 26, 2025, Plaintiff provided AMAZON's executive team with UPS tracking numbers proving delivery of returned items. On November 27, 2025, AMAZON stated "We may not reply to further emails about this issue" while maintaining the account lock. Amazon Compl. ¶ 78.

### C. Use of Identity Against Plaintiff

AMAZON's counsel, K&L Gates LLP, filed documents exploring Plaintiff's immigration status, deportation history, and disability status in an attempt to intimidate Plaintiff and prejudice the court. Amazon Compl. ¶ 86.

### D. Sanctions Threat

On June 25, 2026, AMAZON's counsel threatened to file a motion for sanctions in a case that

-5-
NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM

was dismissed on June 30, 2025. Amazon Compl. ¶¶ 96-103.

### E. Harassing and Improper Service

On June 26, 2026, a process server acting on AMAZON's behalf entered Plaintiff's gated residential community and approached Plaintiff's residence. The server came to Plaintiff's door and banged on it repeatedly and excessively. Plaintiff has documented anxiety disorder. The banging triggered a severe anxiety response. Plaintiff perceived the conduct as intimidating. Plaintiff did not answer the door. Amazon Compl. ¶ 77.

AMAZON's counsel has repeatedly attempted to serve Plaintiff by email without Plaintiff's consent, in violation of California Rules of Court, Rule 2.251. Amazon Compl. ¶ 100.

### F. Misgendering

AMAZON representatives repeatedly used incorrect pronouns ("he/him/his") despite Plaintiff's explicit communication of their preferred pronouns ("they/them/theirs"). Amazon Compl. ¶¶ 89-91.

### G. False Statements

AMAZON falsely represented that it "had no access" to Plaintiff's accounts, but later accessed Plaintiff's 2023 order history and provided specific order numbers. Amazon Compl. ¶ 126. AMAZON representative Srujan falsely stated in writing: "AMAZON does not erase order history from customer accounts." This statement was false because portions of Plaintiff's order history had already been deleted. Amazon Compl. ¶ 127.

### V. LEGAL STANDARD

The Ninth Circuit applies a five-factor balancing test when considering a motion to proceed under pseudonym:

1. The severity of the threatened harm;

2. The reasonableness of the plaintiff's fears;

-6-

3.    The plaintiff's vulnerability;

4.    The prejudice to the opposing party; and

5.    The public interest.

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Courts permit pseudonymous litigation in "unusual cases" where nondisclosure is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. *Id.*

The Ninth Circuit has recognized that "fear of retaliation from individuals or entities" is a sufficient basis to proceed anonymously. *Id.* Courts have also recognized that "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). See also *Jane Roes 1-2 v. SFBSC Management, LLC*, 77 F. Supp. 3d 990 (N.D. Cal. 2015) (granting pseudonymity for vulnerable plaintiffs facing harassment).

The Court balances these factors against the general presumption that judicial proceedings are open to the public. This presumption is overcome where, as here, the plaintiff's need for anonymity outweighs the public interest in disclosure.

Plaintiff complies with E.D. Cal. Local Rule 140, which governs the redaction of personal identifiers to protect individual privacy in public judicial records. Plaintiff has taken care to comply fully with these redaction requirements.

To the extent full disclosure of Plaintiff's legal identity is required by the Court, Plaintiff moves for leave to proceed under a pseudonym. Plaintiff concurrently submits this motion and accompanying sealed Declaration pursuant to E.D. Cal. Local Rule 141, which requires a showing of "good cause" where the material is only tangentially related to the merits. Here, Plaintiff's legal identity is tangentially related to the merits of this consumer fraud dispute. Plaintiff therefore seeks sealing under the "good cause" standard. Even under the higher "compelling reasons" standard, the

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM

documented death threat, anti-Semitic harassment, and AMAZON's pattern of weaponizing Plaintiff's identity constitute compelling reasons for sealing. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016).

This case presents the "unusual case" contemplated by *Advanced Textile Corp.* Plaintiff's documented disabilities, history of trauma, and documented patterns of retaliation create exceptional circumstances that overcome the presumption of public access.

## VI. PLAINTIFF'S INTERESTS OUTWEIGH THE PUBLIC INTEREST

### A. Severity of Threatened Harm

As detailed in Section III above, Plaintiff has received a specific, documented death threat. An IHSS provider explicitly stated: "I will kill you if you don't drop this." This threat was unequivocal, unconditional, immediate, and specific. Given Plaintiff's history of deportation proceedings and the trauma associated with government contact during that period, Plaintiff was unable to safely report these threats to law enforcement. Disclosure of Plaintiff's identity would expose Plaintiff to further such threats.

Plaintiff has also been subjected to anti-Semitic harassment and attempted battery. IHSS providers called Plaintiff anti-Semitic slurs, denied the Holocaust, and shouted that Plaintiff should be "gassed in the chamber" and "burned in hell." One IHSS provider attempted to commit battery against Plaintiff.

AMAZON has also demonstrated a pattern of retaliation and harassment against Plaintiff, as detailed in Section IV above. The process server's entry into Plaintiff's gated community and banging on Plaintiff's door — occurring immediately after Plaintiff sent a CLRA notice to AMAZON's counsel and executives — demonstrates that AMAZON is using increasingly aggressive tactics to intimidate Plaintiff. Amazon Compl. ¶¶ 96-103.

**B. Reasonableness of Plaintiff's Fears**

Plaintiff's fears are reasonable and supported by documented patterns of retaliation, harassment, and intimidation from multiple sources:

**From IHSS Providers:**

- An IHSS provider filed a false police report in retaliation for Plaintiff reporting her fraud.

- IHSS providers engaged in anti-Semitic harassment and threats of violence.

- One IHSS provider attempted to commit battery against Plaintiff.

- Another IHSS provider explicitly threatened to murder Plaintiff.

**From AMAZON:**

- Retaliatory account lock. Amazon Compl. ¶ 78.

- Using Plaintiff's personal information against Plaintiff. Amazon Compl. ¶ 86.

- Threatening sanctions in dismissed cases. Amazon Compl. ¶¶ 96-103.

- Aggressive process server conduct. Amazon Compl. ¶ 77.

- Improper service by email. Amazon Compl. ¶ 100.

- Misgendering. Amazon Compl. ¶¶ 89-91.

- False statements. Amazon Compl. ¶¶ 124-128.

These facts demonstrate that Plaintiff's fears are not speculative. They are based on actual conduct by multiple actors who have already demonstrated a willingness to engage in threats, harassment, and violence against Plaintiff. Courts have recognized that "fear of retaliation from individuals or entities" is a sufficient basis to proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068.

**C. Plaintiff's Vulnerability**

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff is exceptionally vulnerable. As detailed in Section II, Plaintiff has documented cognitive and physical disabilities, including schizoaffective disorder, psychotic disorder, bipolar disorder, anxiety disorder, degenerative disc disease, chondromalacia, dyslexia, and memory impairments. The Social Security Administration found that Plaintiff has a marked limitation in concentrating, persisting, or maintaining pace.

Plaintiff has documented anxiety disorder resulting from two decades of fear of deportation. Any mistreatment causes severe stress, injuries, and hospitalizations. Plaintiff hardly recovers from previous trauma, and ongoing harassment makes it worse. Amazon Compl. ¶¶ 104-108.

The Ninth Circuit has recognized that vulnerability is a significant factor in the pseudonymity analysis. *Advanced Textile Corp.*, 214 F.3d at 1068.

### D. No Prejudice to Defendant

AMAZON already knows Plaintiff's identity. AMAZON has been in communication with Plaintiff for years. AMAZON's counsel, K&L Gates LLP, has served Plaintiff by email and attempted to serve Plaintiff by process server. AMAZON will not be prejudiced by Plaintiff using a pseudonym in the public docket. AMAZON cannot claim it needs Plaintiff's identity for discovery or litigation purposes because AMAZON already knows who Plaintiff is.

Plaintiff seeks anonymity only from the public, not from the Court or Defendants. While AMAZON already knows Plaintiff's identity, keeping Plaintiff's name off the public federal docket in this case is essential to prevent AMAZON from using the public court record to further harass or weaponize Plaintiff's identity against them. AMAZON has already demonstrated a willingness to use Plaintiff's personal information to intimidate them; sealing the public docket removes a tool for further harassment.

Defendant is a multinational corporation with vast legal resources and sophisticated counsel. It will not be prejudiced by referring to Plaintiff by a pseudonym in public filings.

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM

**E. Public Interest in Protecting Vulnerable Disabled Litigants**

The public interest is served by protecting vulnerable individuals with disabilities from harassment, retaliation, and physical harm when they seek access to the courts. The Ninth Circuit has recognized that where anonymity is necessary to shield a plaintiff from retaliation, the public's interest in disclosure is outweighed by the plaintiff's need for protection. *Advanced Textile Corp.*, 214 F.3d at 1068.

This case involves highly sensitive personal issues, including severe mental health struggles, gender dysphoria, and trauma related to immigration and disability discrimination. Litigating this case publicly would force Plaintiff to air these deeply private matters on the public docket, causing severe emotional harm. Courts have recognized that the public interest is served when vulnerable individuals can access the courts without fear of further harm. See *Jane Roes 1-2 v. SFBSC Management, LLC*, 77 F. Supp. 3d 990 (N.D. Cal. 2015).

The presumption that judicial proceedings are open to the public is overcome here by the severity of threatened harm, Plaintiff's vulnerability, and the documented patterns of retaliation and harassment from multiple sources.

**VII. CONCLUSION**

Plaintiff has demonstrated a compelling need to proceed under a pseudonym. Plaintiff is a disabled, non-binary individual who has been subjected to constant abuse, harassment, and targeting. Plaintiff has been victimized by a coordinated scheme of fraud, identity theft, financial abuse, threats, harassment, and attempted battery.

AMAZON has used Plaintiff's identity, immigration status, disability status, and gender identity against Plaintiff in court proceedings and communications. AMAZON has engaged in a sustained campaign of harassment, intimidation, and misrepresentation.

Disclosure of Plaintiff's true identity would expose Plaintiff to further harassment, retaliation,

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM

intimidation, and potential physical harm from multiple sources. The documented patterns of retaliation and harassment demonstrate that Plaintiff's fears are reasonable and supported by actual conduct. AMAZON cannot claim prejudice from Plaintiff using a pseudonym when AMAZON already knows Plaintiff's identity and has already used that identity to harass and intimidate Plaintiff.

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1. Grant Plaintiff's request to proceed under the pseudonym "ALE AMAZON" in this action;

2. Order that Plaintiff's true name and address remain under seal;

3. Direct the Clerk of the Court to file the Civil Cover Sheet and Summons under seal;

4. Prohibit the parties from publicly disclosing Plaintiff's identity without prior court approval;

5. Enter a Protective Order governing the use of Plaintiff's identity; and

6. Grant such other relief as the Court deems just and proper.

Dated: June 28, 2026

Respectfully submitted,

/s/ Ale Amazon
ALE AMAZON
Plaintiff, Pro Se

**DECLARATION OF PLAINTIFF (FILED UNDER SEAL)**

**I, ALE AMAZON, DECLARE AS FOLLOWS:**

1. I am the Plaintiff in this action. I am proceeding pro se. I am a disabled, non-binary individual with documented cognitive and physical disabilities. The Social Security Administration, in a Fully Favorable Decision issued on October 30, 2020, found that I have severe impairments including schizoaffective disorder, psychotic disorder, bipolar disorder, anxiety disorder, cervical and lumbar degenerative disc disease, right knee chondromalacia, dyslexia, and memory impairments.

The ALJ found that I have a marked limitation in concentrating, persisting, or maintaining pace. These disabilities substantially impair my ability to carry out normal activities and to protect my own rights.

2.      I have limited memory of events prior to 2016. Due to severe trauma from two decades of forced deportation, statelessness, and being forced to work for food and shelter without employment authorization, my mind blocks old memories as a protective mechanism.

3.      I seek to proceed under the pseudonym "ALE AMAZON" to protect myself from further harassment, retaliation, intimidation, and potential physical harm by Defendant AMAZON and its agents, and from the individuals who have already engaged in threats, harassment, and violence against me.

4.      A defendant in a separate federal action explicitly threatened to murder me, stating: "I will kill you if you don't drop this." This threat was unequivocal, unconditional, immediate, and specific. It caused me reasonable, sustained fear for my life and safety. Given my history of deportation proceedings and the trauma associated with government contact during that period, I was unable to safely report these threats to law enforcement.

5.      I have been subjected to anti-Semitic harassment, including being called anti-Semitic slurs, having the Holocaust denied, and being told I should be "gassed in the chamber" and "burned in hell." I have also been subjected to threats that I should be deported as an "illegal alien," despite my lawful status.

6.      I have been subjected to constant abuse, harassment, and targeting because of my disability, non-binary status, and immigration history. Any mistreatment because of my identity causes me severe stress, injuries, and hospitalizations. I hardly recover from previous trauma, and ongoing harassment makes it worse.

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM

7.      I have been victimized by a coordinated scheme of fraud, identity theft, financial abuse, threats, harassment, and attempted battery. An IHSS provider forged my signature on a SOC 426A provider designation form and stole approximately $4,500 in public IHSS funds. When I reported her fraud, she filed a false police report against me. Her associate attempted to commit battery against me — I was forced to run away to avoid being struck. As a result, I became terrified to leave my apartment during daylight hours and was forced to hide during the day. On a night in August 2023, while checking the mail in darkness, I fell and struck my head, causing a head injury requiring medical attention. This head injury has caused permanent damage requiring ongoing medical treatment.

8.      Another IHSS provider stole my IHSS login credentials and submitted false IHSS timesheets, stealing significant public IHSS funds. This provider also stole controlled substances from my backpack during a medical appointment, causing me to be discharged from my pain management clinic. This provider called me a "Jewish parasite," proposed a sham marriage for immigration fraud, and explicitly threatened to kill me.

9.      The IHSS Public Authority refused to investigate any of my complaints about the IHSS providers. The Authority accepted a forged SOC 426A without verification and redacted the provider's identifying information to protect her rather than investigating the forgery.

10.     In 2009, the San Francisco Superior Court entered a prefiling order against me. The order was entered in my absence. I was never served with notice. I had no opportunity to be heard. I later appeared before the court with evidence demonstrating my innocence and showing that the order was procured through fraud, but the court refused to accept or review my evidence. I am now challenging the Superior Court's refusal to accept my evidence and its enforcement of the prefiling order without due process in a separate federal action, Case No. 3:26-cv-01132-AGT (N.D. Cal.)

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM

That action alleges violations of the Due Process Clause and the Americans with Disabilities Act based on the court's denial of access to the courts and failure to provide reasonable accommodations.

11.    AMAZON invoked this prefiling order to dismiss my case in Sacramento Superior Court. AMAZON's filings discussed my immigration history and disability status.

12.    AMAZON continues to threaten me with sanctions. On June 25, 2026, AMAZON's counsel threatened to file a motion for sanctions against me in a dismissed state court case.

13.    AMAZON's counsel has repeatedly attempted to serve me by email without my consent, in violation of California Rules of Court, Rule 2.251.

14.    On June 26, 2026, a process server acting on AMAZON's behalf entered my gated residential community and approached my residence in Folsom, California. The server banged on my door repeatedly and excessively. I have documented anxiety disorder. The banging triggered a severe anxiety response. I was terrified. I did not answer the door. The server left documents under my door. I perceived the conduct as intimidating. The conduct caused me severe anxiety.

15.    AMAZON representatives repeatedly used incorrect pronouns ("he/him/his") despite my explicit communication of my preferred pronouns ("they/them/theirs").

16.    AMAZON falsely represented that it "had no access" to my accounts, but later accessed my order history and provided specific order numbers. AMAZON representative Srujan falsely stated in writing: "AMAZON does not erase order history from customer accounts." This statement was false because portions of my order history had already been deleted.

17.    I am exceptionally vulnerable due to my documented disabilities, anxiety disorder, past trauma, and limited resources. Disclosure of my identity would cause severe emotional distress and exacerbate my documented PTSD, anxiety, and depression.

18.    AMAZON already knows my identity. AMAZON has been in communication with

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM

me for years. AMAZON will not be prejudiced by my use of a pseudonym in the public docket. I do not seek to hide my identity from the Court or from AMAZON. I seek only to protect my identity from public disclosure to prevent further harassment, retaliation, intimidation, and physical harm.

19.   I am the plaintiff in a separate federal action pending in the Northern District of California under my legal name, Case No. 3:26-cv-01132-AGT (N.D. Cal.), challenging the 2009 prefiling order. I am also the plaintiff in a separate federal action pending before this Court under my legal name, Case No. 2:25-cv-03110-DJC-CSK (E.D. Cal.). Both cases involve government defendants and necessarily proceed under my legal name. I do not seek to seal those cases. I seek only to prevent AMAZON — a private corporation with a demonstrated pattern of weaponizing my identity — from using the public docket of this consumer dispute to further harass and intimidate me.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 28, 2026, at Folsom, California.

/s/ Ale Amazon
ALE AMAZON
Plaintiff, Pro Se

-16-