UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALE AMAZON,<br>Plaintiff,<br>v.<br>AMAZON.COM, INC. et al.,<br>Defendants. | Case No. 2:26-cv-02288-DAD-CSK (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 2, 3, 4, 5) |

Plaintiff Ale Amazon is representing their self in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff has also filed a motion to e-file (ECF No. 3) and a motion to proceed under the pseudonym "Ale Amazon" (ECF No. 4). For the reasons that follow, the Court recommends Plaintiff's IFP application be denied and the First Amended Complaint ("FAC") be dismissed without leave to amend. The Court also denies Plaintiff's motion to e-file and denies Plaintiff's motion to proceed under pseudonym as moot.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,960.00. *See* U.S. Dep't Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required financial showing under 28 U.S.C. § 1915(a). (*See* ECF No. 2.) However, the Court recommends Plaintiff's IFP application be denied because the action is facially frivolous or without merit. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("[T]he district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit."); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's FAC that this action is frivolous or is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's FAC warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

F.3d 336, 339 (9th Cir. 1996).

**III. THE FIRST AMENDED COMPLAINT**

Plaintiff filed the FAC on August 6, 2026. FAC (ECF No. 5). The FAC names Defendants Amazon.com, Inc. and Amazon.com Services LLC. *Id.* ¶ 7. The FAC alleges Plaintiff is disabled and identifies as non-binary. *Id.* ¶ 6. The FAC alleges that sometime in 2023, Plaintiff discovered that their two Amazon accounts had placed multiple unauthorized orders as the result of identity theft and fraud. *Id.* ¶¶ 11-14, 20-24. The FAC alleges Defendants failed to properly investigate the unauthorized transactions on Plaintiff's accounts but instead locked Plaintiff's accounts. *Id.* ¶¶ 15-19. The FAC also alleges Plaintiff ordered a watch directly from Defendants on October 1, 2023 but that Defendants instead delivered a door lock, eventually refunding Plaintiff for the watch purchase on January 24, 2025. *Id.* ¶¶ 27-34. The FAC alleges Defendants presented false and misleading information to Plaintiff's bank when Plaintiff sought chargebacks from their bank. *Id.* ¶¶ 38-40. The FAC further alleges Plaintiff filed two complaints against Defendants with the Better Business Bureau on November 14, 2025 and April 7, 2026. *Id.* ¶¶ 41-45, 52, 61-62.

Plaintiff asserts the following causes of action: (1) conversion; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) fraud; (5) negligence; (6) negligent infliction of emotional distress; (7) intentional infliction of emotional distress; (8) violation of the California Consumer Legal Remedies Act; (9) unfair business practices in violation of California Business & Professions Code, section 17200; (10) violation of the California Unruh Civil Rights Act; and (11) violation of Title III of the Americans with Disabilities Act. *Id.* ¶¶ 77-135. For relief, Plaintiff seeks compensatory damages, including approximately $60,000 for unrefunded charges, punitive and statutory damages, restitution, costs and attorney's fees, and injunctive relief. *Id.* at Prayer for Relief.

/ / /

/ / /

## IV. DISCUSSION

### A. Duplicative Suits

A district court has broad discretion to control its own docket, including the power to dismiss duplicative claims. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012). “To determine whether a suit is duplicative, we borrow from the test for claim preclusion.” *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008)). In assessing whether a suit is duplicative, the court examines whether the causes of action, the relief sought, and the parties or privies to the action, are the same. *Id.* at 689. To determine whether the causes of action are the same, courts utilize the “transaction test” which requires the application of four factors, the last of which is the most important:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

On May 22, 2025, Plaintiff initiated an action in Sacramento Superior Court, *Yakovlev v. Amazon.com*, 25CV012529 (Sacramento Cnty. Super. Ct. May 22, 2025) (“*Yakovlev*”).[2] Although Plaintiff’s state-court action does not purport to use a pseudonym, this action’s FAC acknowledges that Plaintiff is the same party who filed *Yakovlev*. *See* FAC ¶¶ 63-64. In *Yakovlev*, Plaintiff names Defendant “Amazon.com.” Complaint at 1, 2, *Yakovlev* (Sacramento Cnty. Super. Ct. May 22, 2025), Dkt. No. 1 (“*Yakovlev* Complaint”). The *Yakovlev* Complaint is a four-page form complaint and contains one paragraph of substantive allegations, namely: since June 2023, “Defendant refused to refund for the returned defective orders and unauthorized transactions. Upon filing disputes, Defendant suspended Plaintiff’s accounts and started

---

[2] The Cout may take judicial notice of “court filings and other matters of public record.” *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

ignoring Plaintiff, who found out that lots of Defendant's customers had similar issues with defective orders, poor customer service, incomplete or denied refunds, forged evidence, false statements, etc." *Id.* at 4. The *Yakovlev* Complaint asserts claims for negligence, intentional tort, and products liability, as well as "Discrimination, Wrongful Suspension of Accounts, Willful Refusal to Refund, Unauthorized Transactions, Forgery of Evidence, Intentional Infliction of Emotional Distress (IIED), and Negligent Infliction of Emotional Distress (NIED)." *Id.* at 3. For relief, Plaintiff in *Yakovlev* seeks compensatory and punitive damages. *Id.* On July 10, 2025, the Sacramento Superior Court issued a minute order dismissing the *Yakovlev* Complaint under the automatic dismissal provision in California Code of Civil Procedure, section 391.7(c), which governs the filing of new litigation by parties deemed vexatious litigants. *See* Order, *Yakovlev* (Sacramento Cnty. Super. Ct. Jul. 10, 2025), Dkt. No. 27. The Superior Court also denied Plaintiff's motion to set aside the dismissal and successive motions for reconsideration. *See* Order, *Yakovlev* (Sacramento Cnty. Super. Ct. Nov. 10, 2025), Dkt. No. 78; Order, *Yakovlev* (Sacramento Cnty. Super. Ct. Apr. 28, 2026), Dkt. No. 140; Order, *Yakovlev* (Sacramento Cnty. Super. Ct. Apr. 28, 2026), Dkt. No. 141; Order, *Yakovlev* (Sacramento Cnty. Super. Ct. Oct. 1, 2026), Dkt. No. 185. However, as of November 12, 2026, Plaintiff continues to file documents in the state-court action. *See* Docket, *Yakovlev*.

This Court concludes that this action and *Yakovlev* are duplicative. In *Yakovlev*, Plaintiff sues "Amazon.com," whereas here Plaintiff sues Amazon.com, Inc. and Amazon.com Services LLC. *Compare* FAC, *with Yakovlev* Compl. Both actions involve the same parties or privies where Plaintiff refers jointly to Defendants throughout the FAC in this action, the only apparent distinction being that Amazon.com, Inc. is Amazon.com Services LLC's sole member. *See* FAC ¶ 3. Both actions also seek compensatory and punitive damages.

Further, all the factors of the transaction test are satisfied. *See Costantini*, 681 F.2d at 1201-02. The Court notes it is not entirely clear which claims Plaintiff seeks to

bring in *Yakovlev*, which contains only one paragraph of substantive factual allegations to support Plaintiff's claims for negligence, intentional tort, products liability, "Discrimination, Wrongful Suspension of Accounts, Willful Refusal to Refund, Unauthorized Transactions, Forgery of Evidence, Intentional Infliction of Emotional Distress (IIED), and Negligent Infliction of Emotional Distress (NIED)." *Yakovlev* Compl. at 3. The FAC here also asserts new claims and legal theories based on more recent factual allegations, such as claims for fraud and for violation of the California Consumer Legal Remedies Act. *See* FAC ¶¶ 41-45, 67-69, 90-97, 111-119. Nonetheless, it appears both actions ultimately arise out of the same incidents originating in 2023 regarding disputed transactions in Plaintiff's Amazon accounts, and therefore both cases arise from the same nucleus of fact and involve substantially the same evidence and impacted rights. *See Adams*, 487 F.3d at 691 (holding addition of new legal theories in subsequent action does not differentiate claims because "the most significant factor is that the causes of action arise from a common transactional nucleus of facts"). Thus, because both actions share a common set of facts, impacting the same rights and requested relief, this action is duplicative of Plaintiff's prior state-court action. *See Costantini*, 681 F.2d at 1201-02. Accordingly, this action should be dismissed without leave to amend. *See Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

Moreover, it appears Plaintiff initiated this action seeking to circumvent the Sacramento Superior Court's dismissal order, which was based on a prior state court order designating Plaintiff as a vexatious litigant. Where a plaintiff's filing is an attempt to evade a vexatious-litigant order, "considerations of comity, consistency of treatment, and orderly administration of justice support a dismissal." *In re Fillbach*, 223 F.3d 1089, 1091 (9th Cir. 2000) (citation modified) (affirming district court's dismissal based on bankruptcy court's vexatious-litigant order). A review of the dismissal order in *Yakovlev* indicates the Sacramento Superior Court acknowledged Plaintiff's designation in state court as a vexatious litigant and dismissed Plaintiff's complaint for failure to comply with

the procedural requirement that a “vexatious litigant first obtain[] an order from the presiding justice or presiding judge permitting the filing.” Cal. Civ. Proc. Code § 391.7; *see also* Order, *Yakovlev* (Sacramento Cnty. Super. Ct. Jul. 10, 2025), Dkt. No. 27. Permitting Plaintiff to proceed with this action would therefore be an end-run around the Sacramento Superior Court’s vexatious-litigant dismissal order, which the Superior Court has repeatedly upheld despite Plaintiff’s multiple motions for reconsideration. Plaintiff’s proper remedy for that dismissal is not to file an action in federal court. Accordingly, Plaintiff’s claims in this action should be dismissed. *See Heilman v. Whitten*, 2017 WL 2633385, at *4 (E.D. Cal. June 19, 2017) (recommending dismissal with prejudice where “it appears plaintiff initiated the instant federal action in order to circumvent the state court's vexatious litigant order”), *report and recommendation adopted*, No. 2:15-cv-01585-MCE-CKD (E.D. Cal. Sep. 29, 2017), ECF No. 47; *Weik v. Asby*, 2024 WL 4627782, at *7 (D. Mont. Oct. 30, 2024) (dismissing claims where “Weik's state law claims are barred by the state court's vexatious litigant order”).

**B. Leave to Amend**

In considering whether leave to amend should be granted, the Court finds that the FAC is duplicative of an earlier filed, ongoing lawsuit and leave to amend is not appropriate. *Compare* FAC, *with Yakovlev* Complaint. Because this case is duplicative of the case pending in *Yakovlev v. Amazon.com*, 25CV012529 (Sacramento Cnty. Super. Ct. May 22, 2025), the FAC should be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

**C. Motion to E-File**

The Court next addresses Plaintiff’s motion for leave to file documents through the Court’s CM/ECF system. (ECF No. 3.) Plaintiff argues e-filing and e-service are necessary to accommodate Plaintiff’s cognitive and physical disabilities. (*See id.* at 2.)

Plaintiff’s motion is DENIED with respect to utilizing the CM/ECF system to file documents. The Court declines to exercise its discretion to grant Plaintiff permission to e-file where Plaintiff has not indicated difficulties with filing paper documents in this case

thus far. The Court also notes that when Plaintiff was granted e-filing privileges in a previous case in this district, Plaintiff filed numerous duplicative and unnecessary requests, such that the district judge limited further filings after the case was closed. *See* 7/15/2026 Order, *Yakovlev v. Super. Ct. of Cal.*, No. 2:25-cv-03110-DJC-CSK (E.D. Cal. Jul. 15, 2026). Plaintiff will continue to file paper documents with the court through conventional means.

Plaintiff's motion is GRANTED, however, with respect to electronic service of documents. The Clerk is directed to configure Plaintiff's account so that plaintiff will receive immediate email notifications when documents are filed in the case. Plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail pursuant to FRCP 5(b)(2)(D).

**D. Motion to Proceed Under a Pseudonym**

Plaintiff also filed a motion to proceed under the pseudonym "Ale Amazon." (ECF No. 4.) Because the Court recommends this action be dismissed without leave to amend, Plaintiff's motion is DENIED without prejudice as moot.[3] *See Doe v. Regents of Univ. of Cal.*, 2025 WL 1865626, at *5 (E.D. Cal. July 7, 2025).

**V. CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to e-file (ECF No. 3) is DENIED as to electronic filing through CM/ECF and GRANTED as to electronic service;
2. The Clerk is directed to configure Plaintiff's account so that Plaintiff will receive immediate email notifications when documents are filed in the case (alexfolsomer@gmail.com, provided in ECF No. 3 at 8); and
3. Plaintiff's motion to proceed under a pseudonym (ECF No. 4) is DENIED without prejudice as moot.

[3] The Court notes that although the FAC and Plaintiff's motion to e-file identify other publicly available cases initiated by Plaintiff in state and federal court, Plaintiff has not sought to seal any filings in this case.

Further, based upon the findings above, it is RECOMMENDED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's First Amended Complaint (ECF No. 5) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 17, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, amaz.2288.26